In the Matter of the Application of DAVID WEXLER, Petitioner, Respondent, for an Order against KENNETH DAYTON, as Budget Director of the City of New York, and Others, Appellants.*

First Department, December 23, 1938.

*Edward J. McGratty, Jr.*, of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*], for the appellants.

*Herman E. Cooper* of counsel [*Charles Barasch* with him on the brief; *Herman E. Cooper*, attorney], for the respondent.

*Affg. 169 Misc. 247.

Cohn, J. The municipal assembly of the city of New York, on December 22, 1936, adopted Local Law No. 45 of 1936, effective July 1, 1937. This local law, as amended, was thereafter re-enacted as section B40–6.0 of the New York City Administrative Code, and reads, in part, as follows:

" § B40–6.0. Employees; certain civil service; annual increment. a. In each annual expense budget, there shall be included and provided annual salary increments of at least one hundred twenty dollars for each employee in the competitive class, as defined by section fourteen of the Civil Service Law as more particularly hereinafter described and provided:

" 1. For each employee who has served at least one year in a grade or rank of a position in the graded service of the competitive class, the minimum annual salary of which is one thousand eight hundred dollars per annum or less, there shall be provided and paid an annual salary increment of at least one hundred twenty dollars until the maximum salary of the grade or rank shall have been reached."

The petitioner was appointed to a position as bookkeeper in the department of finance of the city of New York, at a salary of $1,200 per annum, on March 9, 1937. He completed a year's service on March 9, 1938. The petitioner falls within the category of employees intended to be benefited by the provisions of the section of the Administrative Code above referred to. The city has taken the position, however, that the annual salary increment to all employees subject to the provisions of the law coincides with the annual expense budget in which they are required to be provided, and become uniformly operative with the effective date of such annual budget. It is also argued that it is only for an " employee who has served at least one year " at the time the annual expense budget becomes effective that provision for the annual salary increment of at least $120 must be made therein. The very use of the words " at least one year," it is urged, contemplates that some employees will be required to wait longer than a period of twelve months after their period of service began, and that by such language in the Administrative Code the intent is to provide that those employees who first completed a year's service after the effective date of an annual expense budget will be compelled to await the preparation of the next annual expense budget before provision for a salary increment is to be made.

Notwithstanding this position, the board of estimate of the city of New York, on July 5, 1938, " voluntarily " voted an increment of $120 per annum, as of July 1, 1938, for the petitioner and others similarly situated.

Recently, in *Matter of Dennehy* v. *Finegan* (253 App. Div. 877; affd. without opinion, 279 N. Y. 645), the contention of the city for a strict interpretation of the term " annual," as used in this same local law, was rejected, and the law was construed to entitle an employee to an increase of less than the annual increment of $120 so as to bring him up to maximum of the grade involved.

At the time of the adoption of the local law here under review, the charter (Laws of 1897, chap. 378, as amd. by Laws of 1901, chap. 466, Greater New York Charter) and the Education Law (§ 888, subd. 1) contained provisions for annual increments for policemen, firemen and teachers employed by the city of New York. These provisions have been practically construed and the employee entitled to the increment commenced to receive it on the anniversary of his appointment into the service. For many years that has been the practice for these employees. Undoubtedly the municipal assembly had this in mind when the law was passed.

As we read the local law which has now become part of the Administrative Code, there has been evidenced an intention to give each employee in the designated class a mandatory yearly increase of $120. The reasonable construction of the statute is that the employee is entitled to have this increase commence on the anniversary of his entrance into the service. Any other interpretation would lead to inequality or injustice. The courts do not favor an interpretation of the statutes which causes hardship or injustice, and if a statute has such an effect, another and more reasonable construction is sought. (*Matter of Meyer*, 209 N. Y. 386, 389; *People ex rel. Burhans* v. *City of New York*, 198 id. 439, 447; *Spencer* v. *Myers*, 150 id. 269, 275; *People ex rel. Westchester F. I. Co.* v. *Davenport*, 91 id. 574, 584; *Hurst* v. *City of New York*, 55 App. Div. 68; McKinney's Consolidated Laws, vol. 1, Statutes and Statutory Construction, § 82.)

In the case of *Matter of Meyer* (*supra*) the Court of Appeals said (at p. 389): " The legislative intention, if expressed, is the law itself. It is always presumed, in regard to a statute, that no unjust or unreasonable result was intended by the Legislature. Hence, if viewing a statute from the standpoint of the literal sense of its language, it works such a result, an obscurity of meaning exists, calling for judicial construction. Where a particular application of a statute in accordance with its apparent intention will occasion great inconvenience or produce inequality or injustice, another and more reasonable interpretation is to be sought."

It is only in rare instances that appointments to the service coincide with the effective date of a budget. The last regular budget became effective January 1, 1938, and provides for a period

ending June 30, 1939. If the interpretation urged by the city is sound, it would follow that the petitioner would not receive any increment prior to July 1, 1939, were it not for the " voluntary " act of the board of estimate. Obviously, this was never intended. The direction in the local law for the provision and inclusion in the annual expense budget of the necessary sum is an authorization to the budget-making body and is not intended to qualify the effective date of the increment.

In view of the experience of the appropriate department in handling mandatory increments for employees of the education, police and fire departments, the argument addressed to the enormous practical administrative difficulties incident to the interpretation of the law above indicated is without merit.

The order appealed from should be affirmed, with twenty dollars costs and disbursements.

MARTIN, P. J., TOWNLEY, DORE and CALLAHAN, JJ., concur.

Order unanimously affirmed, with twenty dollars costs and disbursements.